# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY JOHNSON,<br><br>Plaintiff,<br><br>-vs-<br><br>BERVEN/UPTOWN LLC and BERVEN, INC., individually<br><br>Defendants. | Cause No. 4:21-CV-5040-RMP<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6) |

COMES NOW, Plaintiff by and through counsel of record, and files Plaintiffs Responsive Brief following the filing of the Defendant's Motion to Dismiss for failing to state a claim filed on 4/8/21. (DE 6).

## BACKGROUND FACTS

On March 16, 2021, Plaintiff filed a Complaint for Declaratory and Injunctive Relief asserting non compliance with the Americans with Disabilities Act under 42 U.S.C. § 12181 et. seq. (DE 1). Plaintiff's Complaint covers Jurisdiction and Parties, and Count I asserts Defendants own and or operate a public accommodation that has architectural features that are not compliant with required accessibility standards as promulgated under the Americans with Disabilities Act. Paragraph 11 of the Complaint specifically asserts discrimination under the ADA by failing to remove architectural barriers pertaining to the Plaintiff's disability, which requires a wheelchair for mobility. (DE 1:11). Paragraphs 15(a) through 15(z) list multiple specific allegations of non-compliant architectural barriers that currently exist, along with the specific citation to the specific design standard for the allegation. (DE 1:15).

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Such a statement need not include "detailed factual allegations" but must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."

Response to Motion to Dismiss    Page | 2                                    Enabled Law Group
                                                                                  P.O. Box 18953
                                                                                  Spokane, WA 99228
                                                                                  (206) 445-3961

*Twombly* 550 U.S. at 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). When considering a motion to dismiss pursuant to Rule 12(b)(6), a court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555-56.

## ARGUMENT

Title III of the Americans with Disabilities Act (ADA) provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To prevail on an ADA claim, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). Element three is satisfied when there is a violation of applicable accessibility standards. *Chapman v. Pier 1 Imports (U.S.), Inc.,* 631 F.3d 939, 945 (9th Cir. 2011).

### The factual allegations contained in the Complaint contain sufficient allegations that satisfy the elements of an ADA claim and the pleading requirements under 12(b)(6).

Defendant inaccurately asserts the Plaintiff must assert "Berven owns, leases, or operated the parking lot, . ." (DE 6:2). Defendant's Brief fails to identify which "Berven" Defendant they are referring to, as each individual Defendant contains the name "Berven". Regardless of this oversight, the general rule listed within 42 U.S.C. § 12182(a) lists a proper defendant of a public accommodation to be any person who owns, leases, or leases to, or operates a place of public accommodation. Paragraphs 5 and 6 of the Complaint assert and allege that Defendant Berven/Uptown LLC is the lessor and/or owner operator of the real property of the public accommodation; and Berven Inc., is the lessee, operator and/or owner of the public accommodation. (DE 1: 2-3). These specific allegations in the complaint asserting each Defendant is either an owner, lessor, lessee, or operator of a public accommodation is all that is necessary for an ADA claim, regardless of the part of the facility. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). As such, Defendant's argument is baseless and should be denied.

Defendant next incorrectly argues, Plaintiff must specifically allege what elements of the premises have undergone alterations. (DE 6:2). Defendant further

cites zero legal citation to support this contention, nor contradict that the facility has not undergone alteration in this timeframe. Plaintiff adequately asserts in Paragraph 10 of the Complaint that the subject facility has undergone remodeling, repairs and/or alterations since January 26, 1990, which is all that is required to proceed in this case. Paragraph 10 of the Complaint gives the Defendant notice of what the claim is and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As such, this argument must be denied.

Defendant next asserts Plaintiff did not suffer an injury in fact. To the contrary, Plaintiff's assertion of injury is contained in Paragraph 4 of the Complaint (DE 1) as well as the specific discriminatory barriers listed under Paragraph 15, satisfying this issue. As such, Defendant's argument must be denied.

It is unclear what Argument 3(b) of Defendant's Motion is alleging. Defendant argues the matter fails to state a claim based upon "a lack of redressability" due to the specifics of his disability. Defendant then proceeds to cite zero case law to support this position, nor its applicability to Rule 12(b)(6). Plaintiff's Complaint asserts Plaintiff meets the definition of being disabled under the ADA; that the premises is a public accommodation; and specifically references all the architectural barriers that apply to wheelchair access that create the discriminatory nature of the lawsuit. These are all the elements necessary for such an ADA discrimination lawsuit. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730

(9th Cir. 2007). As such, Defendant's argument is misplaced, unsupported and must be denied.

Defendant's Argument 3(c) is the same allegation as Argument 3(b). As argued above, such argument is misplaced and not a requirement of the elements of a Complaint for an ADA lawsuit. In addition, Defendant is arguing their Defense to a suit is somehow applicable to a pleading requirement of the Plaintiff. The Defendants may argue that particular allegations of the Complaint may not be applicable to their ownership, however, that issue is not appropriate and is misplaced regarding a motion to dismiss an entire Complaint under rule 12(b)(6). As such, Defendant's Motion must be denied.

As discussed above, the factual allegations contained in the Complaint demonstrate that the pleading alleges enough facts to state a claim to relief that is "plausible." *Twombly* 550 U.S. at 570 (2007); *Iqbal*, 556 U.S. 662, 684 (2009). Those factual allegations contained in the Complaint, taken along with the specific identification of architectural non-compliant features for wheelchair access and the applicable accessibility standards do satisfy the requirement of a short and plain statement of the case, satisfying the pleading requirements and requiring the Court deny the Defendant's Motion.

Count II of the Complaint asserts a violation of the Washington Law Against Discrimination. (DE 1:22). That Count incorporates all the factual allegations of

the ADA violations previously referenced. Section 49.60.030(1) of the Revised Code of Washington lists the applicable standards for such a violation of Washington State Law. Plaintiff's factual allegations cover the requirements of a violation of the Washington Law Against Discrimination. As the factual allegations contain sufficient allegations that satisfy the elements of such a claim, Defendant's Motion to dismiss for failing to state a claim under Rule 12(b)(6) must be denied.

## CONCLUSION

Plaintiff's Complaint fully complies with the pleading requirements of Federal Rules of Civil Procedure 8(a) and provides Defendant with notice of the claims and the grounds upon which they rest. Accordingly, for the reasons set forth herein, Plaintiff respectfully asks that the court deny Defendant's Motion to dismiss for failing to state a claim pursuant to Rule 12(b)(b).

DATED this 13 day of April, 2021.

Respectfully submitted,

*/s/ Derek Butz*

Derek Butz
WSBA # 54240
Enabled Law Group
P.O. Box 18953
Spokane, Washington 99228
Telephone: 206-445-3961
Email: DB@Enabledlawgroup.com